PETER LAMPSETT, plaintiff in error, *v.* JAMES W. WHIT-NEY, defendant in error.

*Error to Madison.*

An execution may be issued after several years have elapsed from the issuing of previous executions, where the first execution was issued within a year and a day from the rendition of judgment.

LAMPSETT recovered a judgment against Whitney, in the Mad-ison Circuit Court, at the September term, 1823, for $ 60,35 and costs. Upon this judgment an execution issued on the 16th of February, 1824, which was returned into the clerk's office April 13th, 1824. On the 27th of August, 1825, an *alias* execution was issued to the sheriff of Pike county, and by him levied on a tract of land in that county, and returned into the clerk's office with an endorsement of the levy on the writ, and that the land was not sold for want of bidders. A writ of *venditioni exponas* issued to the sheriff of Pike, on the 20th of March, 1826, which was returned with an endorsement that he had exposed the land for sale, but no bidders could be found. On the 20th of August, 1830, a *pluries* writ of *fieri facias* was issued to the sheriff of · Madison county, and the money made by the sale of certain land and town lots of the defendant in the execution, in that county.

At the October term, 1830, of the Court below, the Hon. T. W. Smith presiding, the defendant, the present plaintiff in error, moved the Court to quash the writ of *fieri facias*, under which the land and lots were sold. The motion was allowed, the writ quashed, and the subsequent proceedings thereon set aside. The cause was brought to this Court by writ of error.

(1) 1 Caines 121.

SMITH, Justice, delivered the opinion of the Court :

The point made in this case is, whether an execution issued after several years had elapsed from the issuing of previous executions, founded on an execution which had originally issued before a year and a day had expired, was void or voidable because of a want of a continuance from term to term.   It is undoubtedly the English practice, and that of some of the States, to enter continuances on the judgment roll, from term to term ; but no such practice has prevailed with us.

As the original execution was issued within a year and a day, although more than a year may have elapsed between the period of the issuing and return of the other executions, still we are inclined to the opinion that there was no error in the course adopted ; and that the executions so issued were neither void, nor voidable. Let the judgment of the Circuit Court, in quashing the execution last issued, and the order setting aside all subsequent proceedings, be reversed.

*Judgment reversed.*

*Note.*   See Bryan *et al. v.* Smith *et al., Ante* 47.